FILED
IN CLERKS OFFICE
2018 JAN 31  AM 9: 10
18CR 10027
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | Violations: |
| v. | ) | 18 U.S.C. § 371 (Conspiracy) |
| | ) | 15 U.S.C. §§ 80(b)-6 & 80b-17 (Investment Adviser |
| | ) | Fraud) |
| | ) | 18 U.S.C. § 1344 (Bank Fraud) |
| CORNELIUS PETERSON, | ) | 18 U.S.C. § 2 (Aiding and Abetting) |
| | ) | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and |
| Defendant | ) | 28 U.S.C. § 2461 (Forfeiture Allegations) |

## INFORMATION

The United States Attorney charges that:

### General Allegations

At all times relevant to this Information:

1. Defendant CORNELIUS PETERSON, also known as Cornelius Peterson the 10th, was a financial adviser in Boston, Massachusetts who resided in Newton, Massachusetts and worked at a large financial services company with offices throughout the United States ("Financial Services Company").

2. Co-Conspirator #1 ("CC-1") was a financial adviser who worked with PETERSON at the Financial Services Company.

3. PETERSON and CC-1 were investment advisers within the meaning of Section 202(a)(11) of the Investment Advisers Act, 15 U.S.C. § 80b-2(a)(11).

4. Clients A and B were clients of the Financial Services Company whose accounts were handled by PETERSON and CC-1.

5. The Financial Services Company was a financial institution within the meaning of 18 U.S.C. § 20.

### *The Conspiracy and the Scheme to Defraud*

6. From in or about 2014 until he was terminated by the Financial Services Company in June 2017, PETERSON, together with CC-1, agreed to misappropriate, and did misappropriate the retirement savings of Clients A and B for his own personal use.

### Objectives of the Conspiracy

7. A primary purpose and objective of the conspiracy was for PETERSON and CC-1 to misappropriate money from their clients, including by using clients' money to back or guarantee personal investments of PETERSON and CC-1, and by diverting clients' money to PETERSON's and CC-1's own benefit.

### Manner and Means of the Conspiracy

8. Among the manner and means by which PETERSON and CC-1 accomplished the objectives of the conspiracy were the following:

9. PETERSON and CC-1 used funds of Clients A and B to finance investments in which PETERSON and CC-1 were personally invested, as well as to make and guarantee a real estate investment in their own names.

### Overt Acts

10. In furtherance of their conspiracy and to accomplish its objectives, PETERSON and CC-1 performed numerous overt acts, including, but not limited to, the following:

11. On or about August 20, 2014, PETERSON and CC-1 used $100,000 from the account of Client A, without the informed consent of Client A, to invest in a wind farm project in which PETERSON was personally involved and CC-1 also invested, and which needed additional funding. The wind farm project was not an investment opportunity offered by or authorized as a recommended investment by the Financial Services Company.

12. On or about May 15, 2015, PETERSON and CC-1 used $400,000 from the account of Client B, without Client B's consent, to back an Irrevocable Standby Letter of Credit in support of the wind farm project, at a cost of $6,000 to Client B.

13. On or about March 24, 2016, PETERSON and CC-1 transferred $350,000 from the account of Client B, without Client B's consent, into a real estate investment. They arranged for $50,000 of the investment to be held in PETERSON's name and $50,000 to be held in CC-1's name, even though neither man contributed any of his own money to the investment.

14. On or about the following day, March 25, 2016, CC-1 caused the company managing the real estate investment to transfer $250,000 of Client B's money back to an account in the name of CC-1 and a family member. CC-1 used that money to pay his own and his family's expenses.

## COUNT ONE
(Conspiracy)

15. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 14 of this Information and further charges that:

16. From a date unknown but no later than in or about January 2014, and continuing until in or about June 2017, in the District of Massachusetts and elsewhere, the defendant,

**CORNELIUS PETERSON,**

conspired with CC-1 to commit offenses against the United States, to wit:

(A) Investment Adviser Fraud, in violation of 15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 80b-17, to wit: being investment advisers, by use of the mails and instrumentalities of interstate commerce, directly and indirectly, willfully (i) to employ devices, schemes, and artifices to defraud one or more clients; (ii) to engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients; and (iii) to engage in acts, practices, and courses of business which were fraudulent, deceptive, and manipulative; and

(B) Bank Fraud, in violation of 18 U.S.C. § 1344, to wit: to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations, and promises concerning material facts and matters.

18. The objectives, manner and means, and overt acts taken in furtherance of the conspiracy are set forth in paragraphs 6 through 14 above.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Investment Adviser Fraud)

17. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 14 of this Information, and further charges that:

18. At various times between in or about 2014 through in or about May 2017, in the District of Massachusetts and elsewhere, the defendant,

**CORNELIUS PETERSON,**

being an investment adviser, by the use of the mails and instrumentalities of interstate commerce, directly and indirectly, did willfully (i) employ devices, schemes, and artifices to defraud clients; (ii) engage in transactions, practices, and courses of business that operated as a fraud and deceit upon clients; and (iii) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative.

All in violation of Title 15, United States Code, Sections 80b-6(1), 80b-6(2), 80b-6(4), and 80b-17; and Title 18, United States Code, Section 2.

## COUNTS THREE THROUGH FIVE
(Bank Fraud)

19. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 14 of this Information, and further charges that:

20. On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

### CORNELIUS PETERSON,

having devised and intending to devise a scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations and promises concerning material facts and matters, executed and attempted to execute such scheme and artifice to wit, by causing the withdrawals and transfers of his clients' funds set forth below, on or about the dates listed:

| No. | Date | Financial Institution | Transaction |
|---|---|---|---|
| 3 | 8/20/2014 | Financial Services Company | $100,000 transfer to wind farm project |
| 4 | 5/15/2015 | Financial Services Company | $400,000 in support of Irrevocable Letter of Credit and associated charge of $6,000 |
| 5 | 3/24/2016 | Financial Services Company | 350,000 transferred to real estate investment |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## CONSPIRACY FORFEITURE ALLEGATION

21. Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One of this Information,

**CORNELIUS PETERSON,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, without limitation:

    a. the sum of at least $157,300, which represents the approximate proceeds the defendant obtained as a result of the offense.

22. If any of the property described in Paragraph 21, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 21 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## BANK FRAUD FORFEITURE ALLEGATION

23. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts Three through Five of this Information, the defendant,

**CORNELIUS PETERSON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses. The property to be forfeited includes, without limitation:

    b. the sum of at least $157,300, which represents the approximate proceeds the defendant obtained as a result of the offenses.

24. If any of the property described in paragraph 23 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code Section 982(b), incorporating Title 21, United States Code Section 853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in paragraph 23 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

_____   1/30/2018
SARA MIRON BLOOM
ASSISTANT U.S. ATTORNEY